WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1885.

COBB *v.* McCORMICK.

*In the matter of the judicial settlement of the account of* LYMAN COBB, JR., *as executor of, and testamentary trustee under the will of* JOHN McCORMICK, *deceased.*

Testator, who died in 1869, leaving a small estate consisting exclusively of real property, by his will, bequeathed $1,000 to his son M. ; devised the residue to his widow for life, with remainder to his children ; and devised his real property to his executors in trust to pay debts and legacies, with power of sale. The widow and all the children except M. resided on the real property until 1884, when, the former having died, the executor made a sale of the property which yielded $2,000, whereof M. claimed about $1,900 for the principal of his legacy, and interest thereon.—

*Held*, that the will would have been properly performed, if the executors had made a sale within a year from.the grant of letters, paid M.'s legacy, and invested the balance for the widow ; that M.'s omission to enforce his rights having been tantamount to an agreement to waive the use of the legacy in favor of his mother, he could not now recover from his brothers and sisters what he had given to her ; and that his legacy was payable without interest.

THE testator died in the fall of 1869, leaving a last will and testament, which was admitted to probate in December of the same year. He left a widow and five children, two sons and three daughters, the youngest of whom is Martin McCormick. All of the property left by him consisted of real estate. The will directed the payment of his debts, and then, among other things, provided as follows :

" *Second.*—I give and bequeath to my son, Martin,

in addition to the bequest hereinafter mentioned, the sum of one thousand dollars.

" *Third.*—I give and devise all the rest, residue and remainder of all my real and personal estate, to my wife Catherine, to be used and enjoyed by her during the term of her natural life; and should the income of my said estate be insufficient for the proper maintenance and support of my said wife, then and in such case so much of the principal thereof as may be necessary, shall be used and applied to such support and maintenance. And from and immediately after the decease of my said wife, I give and devise the said residue and remainder of my real and personal estate to my children, her surviving, to be divided equally between them, share and share alike . . . . .

" *Fourth.*—I give and devise all of my real and personal estate to Levi W. Flagg and Lyman Cobb, Jr., the executors of this my last will and testament hereinafter nominated and appointed, *in trust,* for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale, at such time or times, and upon such terms and in such manner as to them shall seem meet."

The executor Flagg was dead.

R. E. PRIME, *for surviving executor.*

A. J. HYATT, *for Patrick McCormick and other legatees.*

THE SURROGATE.—No testimony has been taken in this matter, but it is conceded that the widow and all

of the children, except Martin, continued to reside on the real estate devised after the death of the testator, until the death of the widow, which occurred in April, 1884, the others still remaining there. The property was sold by the surviving executor in February last. Martin McCormick, who had resided since his father's death in the city of New York, purchased the property for $2,250, from which were deducted taxes and assessments, which reduced the amount to $2,126.46. The account filed shows the whole sum on hand for distribution, without the deduction of commissions and expenses of accounting, etc., to be $2,178.01, and after such deduction, $1,995.30. Of this sum, Martin claims there should be paid to him $1,915, being the amount of his legacy of $1,000 and interest thereon, leaving a balance of $80.30, to be divided equally among all the children. The contestants contend that he should not be allowed interest. This is the only question presented for consideration.

It would seem that the will operates an equitable conversion of the land into money, especially when viewed in the light of the fact that the testator left no personal estate. The language used may be interpreted by the aid of surrounding circumstances. That is a fact, taken in connection with the bequest of a legacy of $1,000 to Martin, which goes to show that a conversion was contemplated by the testator. How else was that legacy to be paid? If this view be correct, then during all these years he, by acquiescing in the occupation of the premises by his mother, permitted her to enjoy what was equivalent to the interest of his legacy. If, on the other hand, the will

operated no equitable conversion, then his legacy was charged upon the real estate. It became due and payable one year from the date of the letters, and he could. then have taken measures to enforce its payment. It must be assumed that he was cognizant of the situation of the estate, and that his father left no assets. He, therefore, knew that the real estate was the only source from which his legacy could be realized, and yet he permitted his mother, during her life, to enjoy the whole without question. This was tantamount to an agreement on his part to waive his use of the legacy in favor of his mother. And she had it. If she so had it with his consent, how can he now be entitled to it again, as against his brother and sisters? He cannot be permitted to recover from them what he had thus given away. The will would have been properly executed if the trustees had sold the real estate within the year, paid the debts and Martin's legacy out of the proceeds, and invested the residue for the benefit of the widow; and then, at her death, to have distributed what remained among all the children. But Martin took no steps, during all this time, to compel such execution. Probably it was by general consent of all, and if so, to their credit, that the mother was permitted to enjoy the whole of the little property. If he were now to bring an action against the executor to recover his legacy, under the circumstances, I think he would not be allowed the interest claimed, because he would be estopped by his acquiescence in the enjoyment of the whole estate, in which his legacy was embraced, by others.

For these reasons, I think the decree should direct the payment of the principal of the legacy only.